## FRASER v. CHURCHMAN.

[No. 6,516.   Filed January 26, 1909.]

1. TRUSTS.—*Parol.*—*Real Property.*—*Liability of Property for Trustee's Debts.*—Lands formerly held by a trustee under a parol trust are not liable in attachment for the individual debts of such trustee.   p. 202.

2. TRUSTS.—*Parol.*—*Real Property.*—*Setting Aside Transfers of.*— *Consideration.*—A conveyance of real property by a trustee under a parol trust, is supported by a sufficient consideration, and cannot be set aside by the trustee's creditors.   p. 202.

3. TRIAL.—*Special Findings.*—*Conclusions.*—*Evidentiary Facts.*— The prudent course for the trial judge is to include conclusions and ultimate and evidentiary facts in the special findings.   p. 202.

4. TRUSTS.— *Parol.*— *Executed.*— *Real Property.*— *Attachment.*— Where a trustee received for his beneficiaries certain real estate and conveyed same to one of such beneficiaries in trust for the others, transferring his individual share to his wife in settlement of her judgment for alimony, his creditors have no rights in or to such property.   p. 202.

From Superior Court of Marion County (69,110) ; *Vinson Carter,* Judge.

Action by Kate M. Fraser against William F. Churchman. From a judgment for part of the relief demanded, she appeals.   *Affirmed.*

*Averill & Collins,* for appellant.
*Ayres, Jones & Hollett,* for appellee.

ROBY, J.—Action begun on May 10, 1905, by appellant upon a note for $10,000 executed by appellee and another on December 27, 1902.   The complaint was accompanied by an affidavit in attachment, showing appellee to be a nonresident, and whether certain real estate in Marion county is subject to the levy and sale under the writ of attachment is the question for decision, judgment having been rendered on the note without controversy.

The court made a special finding, and for a second conclusion of law stated that the real estate attached as the

property of William F. Churchman was not subject to such attachment, and that the attachment could not be sustained. An exception to this conclusion presents the question for de-termination.

It is found that appellant and five others were the heirs of Anna Churchman; that appellee was her executor, and on May 4, 1904, filed his final report, which was shortly thereafter approved; that there were certain items of per-sonal property which had not been administered on, and it was orally agreed by those concerned that appellee should hold such assets as trustee, and as soon as they could be reduced to money they should be divided among the six; that among said assets were certain shares of building and loan stock amounting to $9,000; that by the arrangement between the association and appellee, acting as trustee, ap-pellee prior to October 25, 1903, agreed to accept real estate in redemption of said stock; that to carry out said arrange-ment he procured one Pattison to act for him, and pursuant to such arrangement he paid Pattison by check $7,400, which sum was by Pattison paid to the association, which conveyed to him various parcels of real estate; that on January 4, 1904, Pattison conveyed the same to appellee, and the whole transaction was a means adopted by which to convey said real estate in part cancelation of the shares of stock before referred to; that on November 14, 1904, appellee conveyed said real estate to Robert M. Churchman, as trustee, he being one of the six heirs named, and such conveyance was made in recognition of the interest of the other heirs; that appellee held the title thereto in trust for said heirs, and this was the only consideration for the conveyance by him; that appellee on November 15, 1904, conveyed his individual interest in said land to his wife in settlement of alimony in a divorce suit by her, which deed was duly recorded.

Appellant's attorneys argue the case as though this were a suit by the other heirs against appellee, and they held a

brief for the defendant, but the action is not one to enforce an unexecuted parol trust in lands. The attempt is to hold the real estate for the debt of the trustee by virtue of a writ levied upon it after the parol trust has been fully executed. The law does not prevent the voluntary doing of that which ought to be done, and upon the facts stated the conveyance was founded upon a sufficient consideration, and in compliance with a parol agreement was, as against the trustee's creditors, entirely valid. *Thomas* v. *Merry* (1888), 113 Ind. 83, 88; *Mohn* v. *Mohn* (1887), 112 Ind. 285.

The point is made by appellant that the findings relative to a trust relation are conclusions, and various cases are cited tending to sustain that view. It would be very difficult to deduce from the decisions in Indiana a rule by the use of which conclusions, ultimate facts and evidentiary facts can be differentiated. The holdings are conflicting, and leave the law exactly as indicated by the following extract: ''The only safe plan is to put them into the special verdict, where they can do no harm if they should turn out, in the opinion of the court, to be evidentiary facts, and where their absence might be fatal if they should turn out to be inferential facts.'' *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 550. The finding under consideration seems to have been constructed in accordance with the direction thus given to the bar, and, in the opinion of this court, it ''turns out'' that enough facts are stated to justify the conclusions of law drawn by the court below.

Judgment affirmed.