FOSTER ET AL. *v.* MALSBARY.

[No. 12,960. Filed July 1, 1927. Rehearing denied October 13, 1927.]

1. TRIAL.—Conclusions of law are not impaired by the fact that findings of fact are blended therewith. p. 415.

2. APPEAL.—Appellate tribunal does not weigh the evidence, and if there is any evidence to sustain the finding, it will be upheld on appeal. p. 415.

3.  APPEAL.—*Judgment against personal representative of deceased defendant upheld on appeal, there being no objection to judgment.*—Where the personal representative of a deceased defendant was substituted after the finding was made, the fact that there was no finding against such personal representative authorizing a judgment against him would not be available error on appeal where no objection was made to the judgment as rendered.    p. 415.

4.  APPEAL.—*Question not presented to trial court not reviewed on appeal.*—Judgment against defendants as to whom the cause had been dismissed will not be considered on appeal where the question was not presented to the trial court.    p. 415.

5.  WATERS AND WATERCOURSES.—Unobstructed flow of water in its natural channel will be protected by injunction.    p. 416.

6.  APPEAL.—A conclusion of law that the plaintiff in an injunction suit was entitled to damages was harmless error, if any, where no judgment for damages was rendered.    p. 416.

7.  INJUNCTION.—*Decree for mandatory injunction must be specific as to what is to be done.*—A decree for a mandatory injunction must be sufficiently specific within itself, or be made certain by reference to the pleadings or record, that it may be known what is required to be done.    p. 416.

8.  INJUNCTION.—*Decree for mandatory injunction held sufficiently specific.*—A decree for mandatory injunction to remove a dam from a stream was sufficiently specific where the findings stated the height of the dam at the time of the trial and that it extended across the stream.    p. 416.

9.  TRIAL.—*Overruling motion to open case for further evidence held proper.*—Overruling a motion to open a case for further evidence after the trial had been closed for six months was not an abuse of discretion where both sides had used full quota of twenty witnesses allowed by the court, the proposed evidence was cumulative, and no diligence was shown in obtaining the offered evidence.    p. 417.

From Warren Circuit Court; *Harley D. Billings,* Judge.

Suit by Alfred E. Malsbary against Daniel E. Foster, Laura B. Clark and others, in which the defendants filed a counterclaim. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*Victor H. Ringer,* for appellants.

*Burton B. Berry, Wilbur D. Nolin, Carl Mehaffey* and *Cecil Haupt,* for appellee.

NICHOLS, J.—Action by appellee against appellants asking for a mandatory injunction against them for the removal of a dam or levee built and constructed by them across the bed of a natural watercourse, alleging that the stream in question was a natural watercourse, and had been from time immemorial; that appellants constructed a dam across it, and that by said construction, the lands of appellee would be practically destroyed as to value.

Issues were formed by an answer in general denial, and a second paragraph pleading prescriptive right. Appellants also filed a counterclaim, averring, in substance, that the dam in question had been in existence from time immemorial, except when broken by freshets, or by appellee, or by other persons, and alleging that they had only repaired the dam in the exercise of their prescriptive right. They also alleged therein that appellee had constructed a dam along the stream involved, thereby diverting the flow of the stream into the present channel and against appellants' dam. There was an answer in denial to this counterclaim. At the trial, the court limited each side to twenty witnesses as to the location of the stream, and each side used the quota, the trial commencing on May 14, 1925, and the evidence ending May 29, 1925. On September 28, 1925, each side presented tentative special findings. On December 11, 1925, appellants filed their motion to open up the case for further evidence. This motion was overruled, and on December 19, 1925, the court filed special findings of fact and stated conclusions of law thereon in favor of appellee, upon which, after appellants' motions for a new trial were respectively overruled, and appellant bank was substituted as defendant in the place of Laura B. Clark, then deceased, judgment was rendered on the conclusions of law, from which, after appellants' motion to modify the judgment was overruled, this appeal, ap-

pellants assigning that the court erred: (1) In overruling their motion that the court open up the evidence and permit them to introduce additional evidence; (2) in each of its conclusions of law; (3) in overruling their respective motions for a new trial; and (4) in overruling their motion to modify the judgment.

The findings cover fifteen pages of the record, and twenty pages of appellant's brief, and after a careful consideration of them, we deem it unnecessary to set them out at length. It is sufficient for us to say that they were ample to sustain the court's conclusions of law that: (1) Said watercourse, where it crosses appellee's land and enters appellant's land, is a natural watercourse; (2) that appellee and all parties from whose lands waters flow into said stream are entitled to the unobstructed flow of said waters in said stream to its outlet; (3) that said stream being a natural watercourse, appellee, and any person through whose land said watercourse runs, has a right to remove any and all sand and gravel or other obstructions therein without liability to any lower landowner; (4) that appellee, as well as any other landowners through whose land said stream runs, has the right to repair all breaks in the banks of said stream, and to remove sand and gravel washed down, and to throw them upon the banks of said stream although the result is the elevation of said banks; (5) that appellants have never acquired and do not now have any prescriptive right to the maintenance of the dam or levee where it now exists for the purpose of obstructing the waters from said creek; (6) that appellant Ora S. Clark, as agent for the owners of said land, and appellant Foster, the tenant thereon, wrongfully and unlawfully constructed said levee or dam in the fall of 1924 without the knowledge, consent or authority of appellee, to his damage; (7) that irreparable damages will result to appellee and his said land

from the said wrongful acts of appellants by said construction of said levee or dam; (8) that appellee is entitled to receive, as prayed for, the sum of one dollar, and is entitled to have said obstruction or dam across the present outlet of said stream removed; (9) that appellants on their cross-complaint or counterclaim are not entitled to any relief; and the court finds against them; (10) that appellee is entitled to a mandatory writ commanding appellants to remove the said dam from the point where it crosses and obstructs the natural channel of said stream to the full width thereof.

If it may be said that findings of fact are blended with the conclusions of law, we observe that these same facts are stated in the findings, and the conclusions are not impaired thereby. *Hammann* v. *Mink* (1885), 99 Ind. 279.

1. 

Appellants vigorously challenge the findings of fact, contending that the evidence is not sufficient to sustain them, particularly directing their attack to special finding five, to the effect that, from time immemorial, the stream of water involved has been located as contended by appellee, contending that there is no evidence to support such finding "except the weak, uncertain, indefinite testimony of appellee's witnesses Henry Conger and Charles High." Thus it appears that there was some evidence to sustain the finding, and, if there is any, this court does not weigh it. But, in addition to this, appellee points out that about twenty witnesses gave testimony tending to sustain the finding, quoting their testimony. There is some evidence to sustain each of the other findings challenged by appellants.

2. 

We give no consideration to appellants' contention that as there were no damages found, there could be no judgment rendered against appellant bank as personal representative, for the reason that, on the motion of appellant Ora Clark, such bank was

3, 4.

substituted as defendant in place of Laura Clark, the deceased, this substitution being after the special findings were filed, and no objections in this regard were made to the judgment as rendered. Nor do we give any consideration to the contention that there could be no judgment against appellants because the cause had been dismissed as to certain minor defendants who were tenants in common with appellants and no binding judgment could be rendered against them. Such question, if there be anything in it, was not presented to the trial court.

Appellants contend that there is nothing in the findings that shows that appellee would not have an adequate remedy at law. But the findings, as a whole, show a natural watercourse on appellee's land, the obstruction thereof as it passes onto appellants' land, and that such obstruction will result in damages to appellee. It is well settled that the right to an unobstructed flow of water in its natural channel will be protected by injunction. *Dilling* v. *Murray* (1855), 6 Ind. 324, 63 Am. Dec. 385; *Deterding* v. *Central Ill. Service Co.* (1924), 313 Ill. 562, 145 N. E. 185.

The objection to the eighth conclusion of law that appellee was entitled to one dollar damages and that there was no finding that appellee had suffered any damages, is rendered harmless, if erroneous, by the fact that there was no judgment rendered for damages.

Appellants contend that the court erred in overruling their motion to modify the judgment ordering and directing them to remove all of said dam or obstruction across the mouth of the creek at the location of the dam, in accordance with the finding, for the reason that the findings do not disclose the natural depth and width of the stream, and do not disclose the depth and width of the cut that shall be made.

We agree with appellants' contention that a decree must be sufficiently specific within itself, or be made certain by reference to the pleadings, or record, that it may be known what is required to be done. *Smith, Admx.,* v. *Cleveland, etc., R. Co.* (1917), 67 Ind. App. 397, 117 N. E. 534. But, in this regard, the judgment is sufficiently plain for appellants' direction. Finding No. 17 expressly finds that the dam as constructed by appellants in 1924, and as it existed at the time of the trial, was four and a half feet high and across the natural channel of the stream. If it is removed at this place to the named depth, the mandate of the court will be complied with.

There was no reversible error in overruling appellants' motion to open up the case for further evidence.

9. At the time the motion was made, the evidence had been closed for about six months. Each side had been given the privilege of using twenty witnesses, and each side had used the quota. No diligence was shown in obtaining the offered evidence, which was cumulative. Under such circumstances, the court did not abuse its discretion in refusing to open up the case.

Numerous other questions are presented by appellants in their well-prepared briefs, but we hold that a right result has been reached, and we deem it unnecessary to give the case further consideration.

Judgment affirmed.

Dausman, J., absent.