RAGSDALE ET AL. *v.* RATCLIFF.

[No. 14,598.   Filed May 8, 1935.]

*Anderson, Mayfield & Rynerson,* for appellants.

*Chase Harding,* for appellee.

DUDINE, P. J.—This is an action instituted by appellee against appellants. The complaint was in two paragraphs.

The first paragraph alleged:

". . . That on or about the 24th day of February, 1930, the defendants obtained from the plaintiff a threshing machine, commonly called a separator, with all belts, tools, accessories and equip-

ment; which was of the value of at least seven hundred ($700.00) dollars; and which the defendants were to take and sell for the account of the plaintiff, to realize for the plaintiff therefor the sum of seven hundred ($700.00) dollars net. That said separator was delivered to the defendants; and the defendants took and disposed of the same; and have not paid to or accounted to the plaintiff for the proceeds thereof; and fail and refuse to account to plaintiff or to pay over to him said proceeds; although plaintiff has demanded payment; and there has been long and unreasonable delay in the settlement therefor."

The second paragraph of complaint alleged:

". . . That the defendants jointly and severally are indebted to plaintiff for money had and received for the use and benefit of plaintiff in the sum of seven hundred dollars with interest thereon from the 1st day of March, 1930. That there has been long and unreasonable delay in the payment of said indebtedness, and plaintiff has demanded payment, which the defendants have failed and refused to make. . . ."

Appellants filed a motion to make the complaint more specific, which motion was overruled, whereupon appellants filed an answer in general denial.

The cause was submitted for trial by a jury, which rendered a verdict for appellee against all appellants in the sum of $318.00, and judgment was rendered upon the verdict. Appellants filed a motion for new trial, which was overruled, whereupon this appeal was perfected, the errors assigned being error in overruling said motion to make the complaint more specific, and error in overruling said motion for new trial.

Under the heading "Propositions, Points and Authorities," in appellants' brief, reference is made to several of the specifications of the motion to make the complaint more specific, and authorities are cited, but no application is made of said authorities, no reasoning is presented, and it is not shown,

under said heading, that appellant's substantial rights were in any way affected by the court's refusal to require appellee to make the complaint more specific. In the absense of such a showing a judgment will not be reversed on account of the overruling of a motion to make a complaint more specific. (Sec. 426, Burns 1926, §2-1071, Burns 1933, §175, Baldwin's 1934.)

Appellants' motion for new trial alleged that the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law.

The following facts are shown by the evidence: Appellee, a farmer, living near Crawfordsville, Indiana, had bought a twenty-eight-inch separator from appellant Avery Power Machinery Company, a corporation, in 1928. (For convenience said corporation will be referred to herein as "company.") He had used it two years, and early in 1930 he advertised it for sale, by advertisements in farmers' periodicals.

It was agreed by and between appellee and the company that appellee would pay for the separator in instalments, from proceeds of the threshing business. Appellant Harney Servies was a local representative of the company. He collected the instalments for 1928 and 1929.

On February 12, 1930, after said advertisements appeared in said periodicals, appellant Servies and appellant James C. Ragsdale, a representative of the company, whose headquarters were the Indianapolis branch office, came to appellee's home and inquired about the proposed sale of the separator. They asked appellee his best cash price for his separator, and offered to sell him a twenty-four-inch separator for $300.00.

Appellee agreed to accept $700.00 for his separator, but (as he testified) he "didn't know whether the press we run would take the twenty-four-inch or not," and

Ragsdale and Servies replied, "We will fix you a contract agreement, and if your ring . . . don't want to thresh with the twenty-four-inch separator. You have a perfect right to go and inspect the separator and if it is not just like we say it is you do not have to take it, and if your ring does not take the separator, you are not obligated to take it at all." (Testimony of appellee.)

Thereupon the "agreement" was drafted by Servies and Ragsdale and signed, as follows:

"Feb. 12, 1930.

"At Crawfordsville, Ind.

AGREEMENT AS TO ORDER for used Avery 24-36 Separator if Mr. Joseph Ratcliff of Crawfordsville, does not get his run, he will not be held for the order that he has placed, but if his 28-46 Avery Steel Separator is sold we are to have all over $700.00, that same is sold for.

J. C. Ragsdale.

WITNESS:
Harney Servies
Joseph Ratcliff."

Thereupon Ratcliff and Servies filled out an order blank authorizing the company to ship the twenty-four-inch separator to appellee, and appellee signed the order. The order blank appears to be a standard form used by the company. It covers eight pages of the transcript, but we deem it unnecessary to quote any part thereof except the following provisions, to-wit: "This is an optional order until date of order," and "This order must comprise all agreements in writing and no agreement in writing will be binding upon the Avery Power Machinery Co., unless it is duly submitted to it for approval and acceptance." Servies and Ragsdale told appellee that they could not make a deal on used machinery without the consent of the Avery Power Machinery Company.

On March 1, 1930, Ragsdale and appellant Warren R. Mumma came to appellee's home. Ragsdale introduced

Mumma as "territory agent" and told appellee that he (Mumma) had a prospective buyer for appellee's twenty-eight-inch separator.

They asked appellee whether he would still take the $700.00 for the used separator, and whether appellee would take the twenty-four-inch separator at $300.00, and agree to pay the freight on the twenty-four-inch separator from Culver, Indiana, provided the twenty-four-inch separator, upon inspection by appellee, proved acceptable to him, and appellee agreed.

Thereupon Ragsdale gave appellee his personal check in the sum of $410.00 as the difference between the agreed price of the twenty-eight-inch separator and the twenty-four-inch separator, plus a cash discount in the sum of $10.00 due appellee for cash payment of the balance due the company on the original purchase price of the twenty-eight-inch separator, and Ragsdale gave appellee his check, payable to the company, for the balance of the purchase price of the twenty-eight-inch separator.

A few days later Ragsdale got the twenty-eight-inch separator. In May, 1930, appellee went to Culver to see the twenty-four-inch separator, and found that it was not as represented to him, and he decided not to accept it; furthermore the president of appellee's threshing ring told him the ring would not "fool with" a twenty-four-inch separator.

On June 11th appellee notified the company by registered letter that he would not accept the twenty-four-inch separator. On June 20, 1930, the company, by letter, acknowledged receipt of appellee's said letter, and informed appellee that it had not accepted said order. This was the first information appellee received to the effect that the company had not accepted the order.

The evidence further shows that Mumma sold the twenty-eight-inch separator to a third party for $800.00 and accounted to Ragsdale in the sum of $410.00, which

was the amount Ragsdale paid appellee for the twenty-eight-inch separator.

It is contended in appellants' brief that the court tried the cause on the wrong theory and therefore, "although (there is) some evidence warranting a recovery against some defendants (this) court will reverse as to all." Appellants' brief does not however, under the heading "Points, Propositions and Authorities" indicate the theory upon which they contend the case was tried, nor do they indicate the theory upon which, they contend, it should have been tried. In the argument section of appellants' brief, their contention is stated as follows, "appellee proceeded upon the theory that where agents enter into a contract for and on behalf of their principal both they and their principal are bound. . . . No effort was made to show any liability whatever except as an agent and principal."

Neither paragraph of complaint charges any of the defendants with liability as agents. The fact (if it be a fact) that the testimony shows that appellants Ragsdale, Servies, and Mumma were agents of the company, and that appellee, at the time of dealing with them, considered them as agents, does not necessarily indicate that he was suing them as agents. There is nothing in the record which conclusively shows that this was not a suit against all said appellants as individuals, or that it was not tried upon that theory, or that the court tried the cause on a "wrong theory."

The evidence referred to in this opinion so clearly indicates that the evidence is sufficient to sustain the verdict as against appellants Ragsdale and Mumma on the theory alleged in the first paragraph of complaint that further discussion of the question is unnecessary.

Appellant Servies, the evidence conclusively shows, did not participate in the transactions after February

12, 1930, when the written "agreement" and order were executed. These instruments were executed subject to the approval of the home office of the company. There is no evidence showing that the home office of the company approved them, or that the company authorized or approved any agreement between appellee and any of the appellants. Therefore we hold that the evidence is insufficient to sustain the verdict as against appellant Servies and Avery Power Machinery Company or either of them on the first paragraph of complaint.

Appellee contends however, in his brief, that the evidence warranted the jury in believing that the company and all the appellants were dealing together in a common enterprise, in effect a conspiracy; that while ordinarily in case of misrepresentations the action would be in tort, yet plaintiff may waive the tort and sue for money had and received.

We recognize that the field of actions for money had and received is broad; (see *McFadden* v. *Wilson et al.* [1884], 96 Ind. 253; Watsons' Works Practice and Forms, Vol. III, page 670, Note 3.) but no action for money had and received lies against a person who has not received any of the money sought thereby to be recovered. The evidence does not show that appellants Servies and Avery Machinery Company or either of them received any of the proceeds of the sale of appellee's separator, which was the money sought to be recovered, therefore the evidence is insufficient to sustain the verdict as to said two appellants on the second paragraph of complaint.

Appellant contends however that since the evidence is insufficient to sustain the verdict as to one or more of the appellants, the judgment must be reversed as to all appellants, and cites *Graham* v. *Henderson* (1871), 35 Ind. 195; *Sperry et al.* v. *Dickinson* (1882), 82 Ind. 132.

As was said by this court in *Kelley* v. *Kelley* (1894), 8 Ind. App. 606, 34 N. E. 1009, it must be conceded that *Graham* v. *Henderson, supra,* and *Sperry* v. *Dickinson, supra,* "go far toward sustaining the position assumed," but this court further said in *Kelley* v. *Kelley, supra,* "that the doctrine contended for is in conflict with the rule adhered to in many cases since those above referred to were decided."

In *Louisville, etc., R. Co.* v. *Treadway* (1895), 143 Ind. 689, 702, 41 N. E. 794, in considering Sections 594-596, Burns 1908 (§§2-2505 to 2-2507, Burns 1933, §§377-379, Baldwin's 1934), the Supreme Court said, "Under these sections it has been held by this court that the trial court possessed chancery powers in adapting its judgment to the rights of the parties. (Citing authorities). That if a plaintiff sue two or more jointly and only prove liability as to one, he is entitled to a judgment against that one." Citing authorities. See list of authorities on last page of said opinion.

This court, in *Brandt* v. *Hall* (1907), 40 Ind. App. 651, 653, 82 N. E. 929, after quoting the above from *Louisville, etc., R. Co.* v. *Treadway, supra,* said, "These sections (2-2505 to 2-2507, Burns 1933) of our code have been liberally construed to the end that courts might, in the administration of justice, be free from technicalities which tend to obstruct rather than aid in ending litigation." In that case this court further quotes with approval from *Bladget* v. *Morris* (1856), 14 N. Y. 482, as follows, "This provision (a statutory provision similar to 2-2505 to 2-2507 Burns 1933) applies to all actions indiscriminately, whether founded upon contract or upon tort; and, . . . it is immaterial whether the complaint alleges a joint liability only, or one which is joint and several. The right of recovery is to be regulated, in this respect, by the proof, and not by the allegations in the complaint. . . .

The object of the provision obviously is to prevent a plaintiff, who proves a good cause of action against part of the defendants, but not against others, from being put to the expense and delay of a new action." See also L. R. A. 1918 C, p. 970.

In *Fishel* v. *Pinckard* (1923), 80 Ind. App. 544, 141 N. E. 615, judgment was rendered against two defendants in an action upon a contract. A motion for new trial was filed, and overruled. This court on appeal reversed the judgment as to one of the defendants on account of the insufficiency of the evidence to sustain the verdict as against said defendant, and affirmed the judgment as to the other defendant. We have examined the transcript in that case and found that the motion for new trial was a joint motion. If a judgment can be reversed as to some appellants and affirmed as to others where the motion for new trial is joint, it certainly can be done in similar cases where, as in this case, the motion for new trial is joint and separate as to appellants.

It is therefore ordered that the judgment be and is reversed as against appellants Harney Servies, and Avery Power Machinery Company, and that the trial court sustain the motion for new trial as to those appellants, and that the judgment be and is affirmed as to appellants James C. Ragsdale and Warren R. Mumma.