BAKER ET AL. *v.* STATE BANK OF AKRON ET AL.

[No. 16,875.   Filed October 21, 1942.   Rehearing denied December 2, 1942.   Transfer denied January 14, 1943.]

614

*Brubaker & Rockhill,* of Warsaw, and *Albert B. Chipman,* of Plymouth, for appellants.

*Selden J. Brown, Arthur Metzler,* and *C. C. Campbell,* all of Rochester, and *Franklin W. Plummer,* of Wabash, for appellees.

BEDWELL, J.—By this action the appellee, The State Bank of Akron, Akron, Indiana, as executor of the estate of Martha Zolman King, deceased, sought to set aside a deed of real estate and the assignment of a certificate of corporate stock, and, also, sought to recover the sum of $1,500 of the total amount of $2,500 that had been paid by its decedent, Martha Zolman King, to the appellants, Virgil Baker and Rachel D. Baker.

The deed which such executor sought to cancel and set aside was evidenced by an instrument which purported to have been signed by such decedent and which named the appellants, Virgil Baker and Rachel D. Baker, as grantees. The assignment of this stock certificate was evidenced by an instrument which appeared to have been signed by the decedent and which named Virgil Baker as assignee.

There was a trial by court which, upon proper request, made a special finding of the facts and stated its conclusions of law thereon in favor of the appellees, who are such executor and also the devisees and legatees under the last will of the decedent, and against the appellants, Virgil Baker, Rachel D. Baker and Thomas F. Fitzgerald.

The appellant Thomas F. Fitzgerald filed a separate demurrer to each of the amended first, second, fourth and fifth paragraphs of complaint, which were the paragraphs upon which the cause was tried. Such demurrer specified the want of sufficient facts in each paragraph to state a cause of action, and the memorandum thereof disclosed that appellant claimed that these paragraphs of complaint were insufficient because, although they alleged that he was a co-conspirator with his co-appellants, Virgil Baker and Rachel D. Baker, and aided and assisted them in

the carrying out of a scheme to defraud the decedent of all of her property, both real and personal, they did not allege that he had any of the property secured by such fraud, or that he was claiming any interest therein, and that no relief by way of damages or otherwise was demanded as against him. But the same question is raised by the exceptions of each of the appellants to each of the conclusions of law, and the action of the trial court in overruling the demurrer was therefore immaterial, and such action will not be reviewed on appeal. *Indianapolis, etc., Traction Co.* v. *Arlington Tel. Co.* (1911), 47 Ind. App. 657, 95 N. E. 280; *Guynn* v. *Wabash, etc., Trust Co.* (1913), 53 Ind. App. 391, 101 N. E. 738; *McHie* v. *McHie* (1939), 106 Ind. App. 152, 16 N. E. (2d) 987.

The allegations of the complaint and the special finding of facts set forth, in substance, the following which will sufficiently present the question raised:

That the plaintiff, The State Bank of Akron, was executor of the estate of Martha Zolman King, deceased, and its co-plaintiffs were devisees and legatees under her last will; that during the latter part of the year 1934 and the early part of the year 1935, Martha Zolman King was a widow of advanced years with no children of her own but with many nephews and nieces; that she lived in a home at Akron with a housekeeper and had real and personal property of the probable value of from forty to forty-five thousand dollars.

That during the year 1935 the defendants, Virgil Baker and Rachel D. Baker, planned and entered into a conspiracy to defraud the said Martha Zolman King and her estate, and to secure for themselves her property, real and personal; that in furtherance of said conspiracy they joined with them the defendant, Thomas F. Fitzgerald, and thereby planned and con-

spired to procure unlawfully a pretended title and deed to all the real estate owned by Martha Zolman King. The complaint and the special finding then set forth alleged acts and steps of such conspirators to secure the execution of the deed and assignment of stock which the plaintiffs sought to annul and set aside, and while the participation and acts of the appellant Thomas F. Fitzgerald, in the carrying out of such conspiracy are alleged and found, it is neither alleged nor found that he obtained or was claiming any interest in the property that was obtained through such deed and assignment of stock certificate.

The conclusions of law of the trial court upon the special finding were as follows:

"1. The law is with the plaintiffs and against the defendants, and the plaintiffs should recover against said defendants.

"2. The title to the real estate situated in Fulton County, State of Indiana, more particularly described as follows: . . . should vest in the proper beneficiaries of the estate of Martha Zolman King, deceased, and the pretended deed thereto to said defendants, Virgil Baker and Rachel D. Baker, as described and set out in the findings of facts hereinabove set forth, should be declared null, void and of no effect.

"3. The thirty shares of stock of Southmoor Apartment Hotel, Inc., as described in the findings of facts herein, should be declared the property of the estate of Martha Zolman King, deceased, free and clear of any claims of title thereto of said defendants Virgil Baker and Rachel D. Baker, excepting, however, whatever interest the said Rachel D. Baker has by virtue of inheritance, legacy or devise as a legatee and devisee, or as an heir, in the estate of Martha Zolman King, deceased."

The judgment upon such conclusions of law adjudged and decreed that the law was with the plaintiffs and against the defendants, Virgil Baker, Rachel D. Baker

and Thomas F. Fitzgerald, but no specific relief was adjudged against Thomas F. Fitzgerald, and there was no judgment for damages. It might be mentioned that while each paragraph of the complaint demanded special equitable relief, in the nature of cancellation, there was also a demand for all other proper relief.

It was said by Judge Elliott in the case of *Doherty* v. *Holliday* (1894), 137 Ind. 282, 283, 32 N. E. 315, 36 N. E. 907, which was an action by creditors to set aside fraudulent conveyances and to recover their claims, where the complaint alleged a conspiracy to defraud:

> "The appellant's counsel, as is evident from what we have said, are in error in assuming that equity will not make a fraudulent grantee account for the value of property sold by him after its conveyance to him by the fraudulent grantor. It is, we may add, a familiar principle of equity jurisprudence, that where a court of chancery assumes jurisdiction of a case for one purpose it will retain jurisdiction for all purposes, and if a specific decree will not afford adequate relief it will award compensation."

If there is a conspiracy of two or more persons to commit a tort, each one engaged in the conspiracy is liable for the acts of the others done in pursuance thereof, as well as the acts in which he participated. Persons entering into the conspiracy after its formation are liable for all acts previously or subsequently done in pursuance thereof. *Boaz* v. *Tate* (1873), 43 Ind. 60; *Mendenhall* v. *Stewart, Executrix* (1897), 18 Ind. App. 262, 47 N. E. 943; *Montgomery* v. *Crum* (1928), 199 Ind. 660, 161 N. E. 251; 15 C. J. S., Conspiracy, § 18, p. 1028, § 19, p. 1030; 11 Am. Jur., Conspiracy, § 48, p. 580.

Where conspiracy has been established all the conspirators are equally liable as joint tort-feasors for acts

done in pursuance of the conspiracy by any one or more of the conspirators, and the liability is not affected by the fact that only a part of the conspirators benefited thereby. *Breedlove* v. *Bundy* (1884), 96 Ind. 319; *Fountain Spring Park Co.* v. *Roberts, and another* (1896), 92 Wis. 345, 66 N. W. 399, 53 Am. St. Rep. 917; *Wilson* v. *Davis* (1919), 138 Ark. 111, 211 S. W. 152; *Brumley* v. *Speedway & Motordrome Co.* (1917), 138 Tenn. 534, 198 S. W. 775.

But appellants assert that neither the complaint nor the finding of facts showed legal liability of the appellant Fitzgerald for the relief demanded, and they are relying in particular upon the case of *Pattison* v. *Grant Trust, etc., Co., Admr.* (1924), 195 Ind. 313, 324, 144 N. E. 26. In this case, by cross-complaint, it was sought to set aside judgments obtained by fraud, in which it was alleged that one Alfred Hogston participated, although he was not a party to the judgments. He was made a party to the cross-complaint but the lower court dismissed the action as to him, and the Supreme Court, upon appeal, says:

"Alfred Hogston was not a proper party to the cross-complaint which sought to set aside the five judgments heretofore referred to. He was not a party to any of said judgments and could have no interest in any action contesting their validity. The cross-complaint alleged that said judgments were obtained by fraud and that he participated in and aided such fraud, but no relief was asked or could be obtained against him in said cross-action. He had no interest in the controversy adverse to the cross-complainants and was not a necessary party to a complete determination of the questions involved."

But it is not necessary for us to determine whether the pleadings or the special finding of facts disclosed a

cause of action in favor of the plaintiffs and against the defendant Thomas F. Fitzgerald.

It is a rule of appellate procedure which is universally recognized and applied that a party cannot assign as error that which is not prejudicial to him. Error as such, unaccompanied by prejudice, is not ground for reversal. The purpose of a review is to correct an erroneous result and not merely to approve or disapprove the grounds upon which it is based. *Shea* v. *Peoples Coal & Cement Co.* (1931), 93 Ind. App. 302, 161 N. E. 849; *Click* v. *Arnold* (1926), 197 Ind. 350, 149 N. E. 178; *Grand Trunk, etc., R. Co.* v. *Thrift Trust Co.* (1918), 68 Ind. App. 198, 115 N. E. 685, 116 N. E. 756; *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196; *Kalleres* v. *Glover, Receiver* (1935), 208 Ind. 472, 196 N. E. 679; 3 Am. Jur., Appeal & Error, § 867, p. 406; 5 C. J. S., Appeal & Error, § 1676, p. 802.

Error in conclusions of law which are not used or required as a basis for judgment is, harmless and will be disregarded on appeal. Such is no ground for reversal where no prejudice results to the party complaining. 5 C. J. S., Appeal & Error, § 1789, p. 1196; *Foster* v. *Malsbary* (1927), 86 Ind. App. 411, 157 N. E. 446; *Walsh* v. *Soller* (1934), 207 Ind. 82, 190 N. E. 61, 191 N. E. 334.

The appellant Thomas F. Fitzgerald, has not pointed out any harm or prejudice to him resulting from the overruling of his demurrer or his exceptions to the conclusions of law of the trial court, nor has he disclosed any benefits that would follow if the cause were reversed as to him. The parties were sued as joint tort-feasors and the interest of the appellant Fitzgerald was separate and independent of the interests of his co-appellants. If error should exist as to him it would not affect his co-appellants or secure

a reversal as to them. 5 C. J. S., Appeal & Error, § 1919, p. 1419; *Ragsdale* v. *Ratcliff* (1935), 100 Ind. App. 331, 195 N. E. 595.

The appellant Fitzgerald admits that the allegations of the complaint and the finding of facts show him to be a joint tort-feasor in the perpetration of a wrong for which he might have been sued for damages, but he takes the rather anomalous position that since in this particular appeal there was no judgment against him and no relief granted as to any property in which he claimed or had any interest, that then the cause should be reversed upon his claim of error. He has not shown prejudice which entitles him to reversal upon the ground discussed.

Appellants next attack the action of the trial court in permitting certain devisees to testify concerning matters that occurred during the lifetime of the testatrix, Martha Zolman King. They claim that such witnesses were rendered incompetent by the provisions of § 2-1716, Burns' 1933. The appellees deny the applicability of such section and contend that the competency of such persons as witnesses is to be determined under the provisions of § 2-1715, Burns' 1933.

If the action is an action properly brought by the executor to recover, as such, on behalf of the estate of its decedent, then it is clearly established by the decisions of this and the Supreme Court that the provisions of § 2-1715 will govern. *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 123, 63 N. E. 255; *Walker, Administrator* v. *Steel* (1890), 121 Ind. 436, 437, 22 N. E. 142, 23 N. E. 271; *Sallee* v. *Soules* (1907), 168 Ind. 624, 627, 81 N. E. 587; *Richard* v. *Marshall County Trust, etc., Co., Admr.* (1924), 195 Ind. 540, 143 N. E. 152. But both the executor and the devisees and legatees under the will of the decedent

were joined as parties plaintiff, and the purpose of the action was to recover the sum of $1,500 paid by the decedent to two of the defendants and to set aside and cancel an assignment of a certificate for corporate stock as well as a deed of conveyance for real estate, all of which were alleged to have been obtained from the decedent by fraudulent acts of the defendants (appellants). Whatever question may exist as to the right of the executor to maintain the action to cancel the deed of conveyance, there can be no doubt of its right to maintain, without joining the legatees or devisees as parties plaintiff, the action to cancel and set aside the assignment of the corporate stock and to recover the sum of $1,500. This corporate stock and this money, if recovered, would become assets of the estate under the control of and subject to distribution by the executor.

An executor or administrator may maintain any appropriate action at law for the recovery of money and other personal assets of the decedent. Such actions to recover the personal estate or its value must be brought by the executor or administrator, and not by the heirs, legatees, or distributees. 21 Am. Jur., Executors and Administrators, § 904, p. 879.

Whether an executor or administrator can bring an action to avoid a transfer or conveyance made by the decedent in his lifetime or whether such action must be brought by the heirs depends upon the subject-matter and the local statutes. Ordinarily, the right to sue for the cancellation of a deed or other instrument of conveyance of land survives to and is enforceable by the heirs of the decedent and, in the absence of a statute conferring upon the personal representative title to or right to sue with respect to real estate, cannot be enforced by him unless it is necessary

for him to have the rents and profits or dispose of the property for the purpose of paying expenses, legacies, or the just debts of the decedent, the general rule being, in the absence of a statute providing otherwise, that the heir, and not the personal representative, must bring an action with reference to the real property of the decedent. 21 Am. Jur., Executors and Administrators, § 908, p. 881.

No question is raised herein concerning misjoinder of causes of action, and the witnesses in question would have been competent as witnesses for the executor to testify concerning matters that occurred during the lifetime of the decedent, to support the action to set aside the assignment of corporate stock and to recover the sum of $1,500. Appellants' objection to the testimony of such witnesses did not seek to limit their testimony, but the objection went to their competency to testify as to any matter that occurred during the lifetime of the decedent. An objection to the competency of a witness to testify at all is properly overruled where the witness is competent to testify as to some matters. *Brown* v. *Grove* (1888), 116 Ind. 84, 18 N. E. 387, 9 Am. St. Rep. 823. The trial court did not err in overruling the objection to the competency of such witnesses.

Appellants contend that the conclusions of law of the trial court are erroneous because certain numbered paragraphs of the special finding stated evidentiary facts instead of ultimate facts, or because the special finding omitted certain ultimate facts which appellants claim were essential to the validity of the conclusions of law, or because the finding of facts contained conclusions of law instead of ultimate facts.

It is not unusual for a special finding to contain evidentiary facts and conclusions of law. A judgment

rendered on a special finding will not be reversed because the finding contains conclusions, where, disregarding the conclusions, enough facts remain to support the judgment. *Durflinger* v. *Baker* (1898), 149 Ind. 375, 49 N. E. 276.

A special finding should contain a statement of the ultimate facts from which the trial court determines the legal rights of the parties, but if the finding of an evidentiary fact is of such a character as to involve necessarily the existence of the essential or ultimate fact, then the failure to make the ultimate finding may be immaterial. But where the existence of the evidentiary fact is not inconsistent with the non-existence of the ultimate fact, or is equivocal or doubtful, the trial court must resolve the doubt by a direct finding of the ultimate and decisive fact. *Universal Insurance Co.* v. *Glover* (1935), 100 Ind. App. 327, 195 N. E. 583.

It is ofttime quite difficult to distinguish between conclusions, ultimate facts, and evidentiary facts. In discussing such matter Judge Roby of this court in *Fraser* v. *Churchman* (1909), 43 Ind. App. 200, 202, 86 N. E. 1029, says:

"The point is made by appellant that the findings relative to a trust relation are conclusions, and various cases are cited tending to sustain that view. It would be very difficult to deduce from the decisions in Indiana a rule by the use of which conclusions, ultimate facts and evidentiary facts can be differentiated. The holdings are conflicting, and leave the law exactly as indicated by the following extract: 'The only safe plan is to put them into the special verdict, where they can do no harm if they should turn out, in the opinion of the court, to be evidentiary facts, and where their absence might be fatal if they should turn out to be inferential facts.' *Louisville, etc., R. Co.* v. *Miller*

(1895), 141 Ind. 533, 550. The finding under consideration seems to have been constructed in accordance with the direction thus given to the bar, and, in the opinion of this court, it 'turns out' that enough facts are stated to justify the conclusions of law drawn by the court below."

So where a party in his brief merely points out the existence of conclusions of law or evidentiary facts in a special finding, he does not show reversible ▮ error. He must show not only the nonexistence of ultimate facts but also the nonexistence of evidentiary facts that definitely establish such ultimate facts, and that the existence of such ultimate or evidentiary facts is essential to the validity of the conclusion of law that is being attacked.

Appellant does point out that the special finding contains no finding that Martha Zolman King signed the deed or the assignment of the certificate of stock, ▮ but the trial court did find that the assignment of the certificate of stock was not executed by Martha Zolman King and that the pretended assignment was not delivered by her. It also found that the pretended deed was not the deed of Martha Zolman King and was never executed or delivered by her during her lifetime. Findings that the instruments were not executed or delivered were findings of ultimate facts.

Appellants also attack the sufficiency of the evidence to sustain the special finding and particularly that portion thereof where the trial court found that the decedent did not execute the deed and the assignment of the stock certificate. There was competent evidence that the purported signature of decedent that appeared upon each of such instruments was not her true signature. There was no contention that an authorized agent signed her name thereto. The appellants contended

that she actually signed such instruments. The evidence was sufficient to sustain the court's finding that the decedent did not execute such instruments.

The judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 257.