KILLEEN, Respondent, v. PARENT, Appellant.*

*March 3—March 31, 1964.*

* Motion for rehearing denied, without costs, on June 2, 1964.

For the appellant there were briefs and oral argument by *Thomas W. Wells* of Beaver Dam.

For the respondent there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

GORDON, J. The two defendants, along with Priebusch, arranged to purchase the lumber business for $45,000 on September 26, 1958. The purchase price of $45,000 was accumulated from the following sources: Each of the three purchasers paid $2,000; a $21,000 first mortgage was given to a bank, and the sellers accepted a second mortgage for the remaining balance of $18,000. Each of the three original purchasers received 100 shares of the stock of the corporation which was formed.

Within a few days, the plaintiff purchased a similar interest of 100 shares, but he paid a total sum of $10,000, the first instalment of $5,000 being paid on October 3, 1958. Four thousand dollars was paid by him on December 1, 1958, and the balance of $1,000 on January 8, 1959.

Extensive testimony was adduced before the jury. The jurors heard Killeen testify that he was told by one of the defendants that the defendants and Priebusch had paid $65,000 for the assets. Killeen also testified that he was informed that each of the three original subscribers put in $10,000. He testified further that he did not learn that each of the others had invested only the sum of $2,000 until early in 1962, long after he had paid his $10,000. The jury also heard Parent testify that he might have informed the plaintiff that the assets were worth $65,000. Parent acknowledged that he did not disclose the actual purchase price of $45,000 to Killeen until 1962.

Testimony was further received that Priebusch sold his interest in March, 1959, with Flanders and Parent each purchasing half of the Priebusch stock. In November, 1960, the defendant Parent sold all his stock (150 shares) to Flanders

for $3,125, having also procured assurance that Flanders would hold Parent harmless on certain joint obligations.

Evaluating such testimony, the jury concluded that there was a relationship of trust between the plaintiff and the defendants and that the latter had used bad faith in failing to inform Killeen of all the facts. They determined that the stock for which Killeen paid $10,000 was in fact worth only $4,000 at that time.

It is reasonably clear that the defendants were promoters. That is a term applied to those who actively assist in promoting, projecting, and organizing a corporation. 1 Fletcher, Cyc. Corp. (perm. ed., 1963 rev.), p. 710, sec. 189. See *First Avenue Land Co. v. Hildebrand* (1899), 103 Wis. 530, 534, 79 N. W. 753.

The trial court granted judgment on the theory that the defendants as promoters had a fiduciary responsibility to disclose material facts and that they violated this obligation in failing to disclose material facts to the plaintiff. This resulted in an unfair advantage to the defendants and a loss to the plaintiff. The fiduciary burden of a promoter is recited in a number of Wisconsin cases. *Farmers & Merchants State Bank v. Perry* (1925), 186 Wis. 93, 202 N. W. 179; *Fountain Spring Park Co. v. Roberts* (1896), 92 Wis. 345, 66 N. W. 399. See also 1 Fletcher, Cyc. Corp. (perm. ed., 1963 rev.), p. 721, sec. 192.

Since a fiduciary relationship existed, it was not necessary that the representations were of such a character as to have influenced the conduct of an ordinarily prudent person. *Miranovitz v. Gee* (1916), 163 Wis. 246, 256, 157 N. W. 790.

The appellant urges that the reason for the plaintiff's loss was the bankruptcy of the corporation, which in turn resulted from the lack of adequate capital.. Even if this were accepted

as an explanation of the ultimate failure of the company, it would not exculpate the defendants from their misrepresentations. However, it is to be noted that the jury answered affirmatively to the following portion of Question No. 12:

"Was there a direct relationship of cause and effect between any loss sustained by the plaintiff, Thomas W. Killeen, and

"(b) the failure to disclose the details of defendants' transactions in relation to the assets of the yard business?"

Even though the promoters expended their own time and money, the failure of the venture does not relieve them from liability for deceitful inducements to those who subscribed for stock. 4 Fletcher, Cyc. Corp. (perm. ed.), p. 395, sec. 1691.

There was conflicting evidence presented to the jury as to the existence of deceit. The promoters had special knowledge of the financial structure of the new corporation which they did not fully disclose to the plaintiff, although it was their fiduciary duty to do so. Whether the misrepresentations were affirmatively made or resulted from nondisclosure, these were factual issues which the jury was obliged to resolve. The verdict is supported by credible evidence which was "clear and satisfactory," and it cannot be disturbed. *Kamuchey v. Trzesniewski* (1959), 8 Wis. (2d) 94, 98, 98 N. W. (2d) 403. The trial court was warranted in granting judgment upon the verdict.

The plaintiff-respondent has asked us to review the amount of damages awarded. It is his position that there is undisputed evidence that the value of the stock was not $4,000 as found by the jury but in fact was only $2,000. We believe that the jury was entitled to have considered other factors in determining the value of the stock than the amount of the cash investment of the promoters. For example, the three promoters obligated themselves personally for a portion of

the cost of the lumberyard, in excess of their cash investment. The evidence did not necessitate the $2,000 evaluation. The motion for review must be denied.

*By the Court.*—Judgment affirmed. The plaintiff-respondent shall have his costs upon this appeal.

WILKIE, J., took no part.