## KING v. ANDREWS, Executor.

PRACTICE.— *Unavailable Error.*—A ruling in favor of the admission of evidence not proper to be admitted is not available as error if the evidence be not, in fact, put in.

WITNESS.—*Examination of.*—It is not error to allow a party to an action testifying as a witness to state the facts without being interrogated, the adverse party objecting.

PAYMENT.—*Application of.*—Where a person owes upon several distinct accounts, he has a right to direct his payments to be applied to any one of them as he chooses; but if he pays generally, the creditor may apply as he elects; and if neither makes a specific application, then the court will usually make the application, first to the most precarious security, or to the oldest debt.

APPEAL from the Jennings Common Pleas.

FRAZER, J.—This was a suit for specific performance of a contract for the conveyance of real estate. The chief question was whether the purchase money had been fully paid; and upon that point the evidence was so conflicting that we are not authorized to disturb the finding.

The appellant's counsel argues a question as to the admissibility of parol evidence of the contents of a certain written agreement, and insists, very correctly, that a proper case for the allowance of such parol evidence was not made by preliminary proof of the loss of the writing; but, though the court below erroneously ruled otherwise, yet, inasmuch as such parol evidence was not, in fact, put in, it does not appear to us that the appellant was injured.

It is also insisted that the court erred in allowing the appellee, when testifying as a witness, to state the facts without being interrogated, the appellant objecting. We know of no reason or authority which would warrant us in reversing the case upon this ground.

There had been a previous written contract for the purchase of the same property from the appellee by the appellant, and a portion of the price agreed by that contract to be paid remained unpaid; the appellant had transferred his right under that contract to a third person, who sold his interest to the appellee, and then the latter entered into the contract with the appellant to enforce which this suit was instituted. After the last contract, property was delivered to the appellee more than sufficient to pay the last contract price; but the evidence was conflicting as to whether it had been specifically applied upon the last contract to a sufficient extent to discharge it; and it was not enough to satisfy both contracts. The appellant's counsel seem to assume that payments made after the last contract, would, by law, be applied upon that contract, though other indebtedness existed. But we are not of that opinion. Our understanding is, that when a person owes upon several distinct accounts, he has a right to direct his payments to be applied to either, as he chooses; but if he pays generally, then the creditor may apply as he elects; and if neither makes a specific application, then the court will ususally make the application, first to the most precarious security, or to the oldest debt. *Field* v. *Holland*, 6 Cranch, 8; *Milliken* v.

*Tufts,* 31 Maine, 497; *Capen* v. *Alden,* 5 Met. 268; Chit. Con. 827, and notes.

It is argued that the court below erred in holding that the last contract required some of the installments of the purchase price to be paid in cash, and that nothing else would, though received as payment, discharge such installments. We have looked carefully into the record, and it fails to show that any such ruling was made.

The judgment is affirmed, with costs.

*Bachelor & Huckleberry* and *H. W. Harrington,* for appellant.

*C. E. Walker,* for appellee.