Bond *et al. v.* Armstrong.

---

No. 8720.

BOND ET AL. *v.* ARMSTRONG.

PRACTICE.—*Demurrer for Defect of Parties.—Amendment.—Estoppel.—Supreme Court.*—One who demurs to a complaint for a defect of parties can not, on appeal, claim that the court erred in permitting an amendment to supply the defect stated, nor that the complaint was made bad by reason of the amendment, which consisted only in striking out the name of the State, and leaving the name of the relator as plaintiff instead of relator.

SAME.—*Demurrer.—Capacity to Sue.*—A demurrer for want of facts does not question the plaintiff's capacity to sue, but does put in issue his right to sue for the particular cause of action stated. A complaint by A. showing a good cause of action in favor of B. does not state facts sufficient.

PAYMENT.—*Application of.—Equity.*—In the absence of application by the debtor or creditor, the law will appropriate a payment as the equity of the case may require.

---

Bond *et al. .v.* Armstrong.

---

SAME.—In cases of payments not made by the debtor voluntarily, the creditor has no right of appropriation, but must apply the money in the discharge of all debts in proportion, unless there be a countervailing equity.

SAME.—*Principal and Surety.*—In the application of payments the law generally favors a surety.

SAME.—*Guardian's Bond.—Defalcation.—Case Stated.*—A guardian who was in default, upon application of a surety to be released from his bond, gave a new bond to the approval of the court, and afterwards committed further defalcations and died, owning an interest in a partnership business which had been put into the hands of a receiver. By order of the court the receiver paid a percentage upon the entire defalcation. The sureties upon the second bond became insolvent.

*Held,* that the payment by the receiver should be applied *pro rata* upon the amounts due under the two bonds.

From the Warren Circuit Court.

*J. McCabe,* for appellants.

*M. Milford, S. Claypool* and *W. A. Ketcham,* for appellee..

WOODS, C. J.—Action upon the bond of a guardian. The original complaint in this case was entitled, "The State of Indiana, on the relation of James Martin, guardian of George Armstrong, a minor, etc., *vs.* Mary Bond," and others named. The appellants demurred jointly to the complaint, for want of facts, and because of defect of parties plaintiffs " in this, to wit : George Armstrong is the proper party plaintiff." The appellant Mary Bond also filed a separate demurrer, for want of facts. Pending the consideration of these demurrers, according to the recital of a bill of exceptions, entitled in the same manner as the complaint, the plaintiff "moved the court for leave to amend the complaint by striking out the name of the above named plaintiff and by substituting the name of George Armstrong, a minor, by James Martin, next friend, as plaintiff, which motion, over the objection and exception of the defendants, the court granted and allowed the amendment to be made, which was then and there done," and thereupon the court overruled the demurrers aforesaid, to which rulings the defendants excepted.

The appellants now claim that the court erred in permitting

the amendment to be made; and that as amended the complaint is bad, for want of facts stated sufficient to show a cause of action in favor of George Armstrong, because the bond sued on is payable to the State, and can* be sued only in the name of the State.

The demurrer, for want of facts, does not question the plaintiff's general capacity to sue, but does, as counsel for the appellants asserts, question his right to sue upon the particular cause of action set up in his complaint. A complaint by A., which shows a cause of action in favor of B., does not state facts sufficient to constitute a cause of action in favor of A., and a demurrer, for want of facts, raises the question. There are, however, several reasons why the appellants may not avail themselves of this rule. While the right of action in the case is technically in the State, and the complaint should have been, if it is not, in the name of the State, it is, nevertheless, an action for the sole use of Armstrong, and the appellants, having demurred because the suit was not brought in his name, and the amendment having been made in order to obviate this objection, ought to be estopped from turning about now to urge the objection that the complaint is not in the name of the State. But, besides this, the entry of the special finding and conclusions of law, and of the final judgment are in the name of the State, *ex rel.* Martin, as next friend of Armstrong, and it may well be inferred that the amendment to the complaint consisted, not in striking out the name of the State, but only in a change of the description of the relator, whereby he was designated as next friend instead of guardian. Viewed in any light, the record in this respect shows no error of which the appellants may justly complain.

The real question in the case arises upon the ruling on the demurrer to the third paragraph of the answer and upon the exception of the appellants to the conclusions of law stated by the court upon the facts found. The question may be presented with sufficient clearness by a brief statement: Samuel

F. Jennings, the guardian, upon whose bond this suit was brought, died May 25th, 1878, indebted to his ward Armstrong in the sum of $3,424.26, which he had theretofore converted to his own use, that is to say, to the use of a partnership in which he had been and when he died was interested. At the February term, 1879, of the Fountain Circuit Court, Armstrong, by his next friend, recovered a judgment against the receiver of the assets of this partnership for the amount so converted, and in obedience to the order of the court the receiver paid upon the judgment the sum of $1,800 to the guardian of Armstrong.

The appellants, except Campbell, the administrator of the estate of Jennings, are sued as the heirs at law of Erastus C. Bond, who had signed as surety the original bond of Jennings as guardian, that is to say, the bond in suit, but who, on the 17th day of May, 1875, had procured an order of the court discharging him from further liability, the guardian, at the same time, executing a new bond to the approval of the court. The sureties upon the new bond have become insolvent. Before the execution of the new bond, and while the bond in suit was in force, the guardian had converted to his own use of the moneys of his ward the sum of $1,480 only, the remainder of the sum for which he died accountable having been appropriated after that date.

The question is as to how the $1,800 paid by the receiver of the partnership assets should be applied. The appellants insist, upon the earlier defalcation, which occurred under the first bond; the appellee, on the contrary, claims, and so the court below held, upon the amount which was converted under the second bond, which otherwise the ward must lose, as the sureties upon that bond have become insolvent.

In *King* v. *Andrews*, 30 Ind. 429, it was said: "Our understanding is, that when a person owes upon several distinct accounts, he has a right to direct his payments to be applied to either, as he chooses; but if he pays generally, then the creditor may apply as he elects; and if neither makes a spe-

cific application, then the court will usually make the application, first to the most precarious security, or to the oldest debt. *Field* v. *Holland,* 6 Cranch, 8 ; *Milliken* v. *Tufts,* 31 Maine, 497 ; *Capen* v. *Alden,* 5 Met. 268 ; Chit. Con. 827, and notes." See, also, the following cases cited by the appellee : *Cremer* v. *Higginson,* 1 Mason, 323 ; *Stamford Bank* v. *Benedict,* 15 Conn. 437 ; *Pickering* v. *Day,* 2 Del. Ch. 333 ; *Trullinger* v. *Kofoed,* 7 Or. 228 (33 Am. R. 708) ; *Capen* v. *Alden, supra.*

In 2 Parsons Con., pp. 629,631, 634, it is said : " The law will appropriate it as the justice and equity of the case may require." " Thus, the money is applied to the case of the most precarious security, where there is nothing to control this application." " In cases of payments which are not made by the debtor voluntarily, the creditor has no right of appropriation, but must apply the money towards the discharge of all the debts in proportion." " Generally, the law favors the surety, especially if his suretyship be not for a previously existing debt." 2 Parsons Con. 633. *Pierce* v. *Sweet,* 33 Pa. St. 151 ; *Blackstone Bank* v. *Hill,* 10 Pick. 129 ; *Commercial Bank* v. *Cunningham,* 24 Pick. 270 (35 Am. Dec. 322). See, also, *Merrimack Co. Bank* v. *Brown,* 12 N. H. 320 ; *Waller* v. *Lacy,* 1 Man. & G. 54 ; *Bank* v. *Brown,* 22 Maine, 295 ; *Stamford Bank* v. *Benedict, supra.*

The payment in this case was not voluntary, and there was no right of appropriation in either the debtor or creditor. Both obligations are signed by sureties, but the sureties upon one have become insolvent. Does the law, by reason of this fact, apply the payment to the latter debt ? We think not. It would be to the palpable injury of the solvent sureties upon the other obligation. The defalcation occurred partly under each bond ; the amount collected of the receiver consisted of a percentage upon the entire sum which had been converted to the use of the partnership, and, consequently, " the justice and equity of the case " plainly require that the payment, if it be so called, should be applied *pro rata* upon the liabilities

under the different bonds according to their respective amounts. This is a matter of calculation which the circuit court can make upon the facts as found.

Judgment reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion, and to enter judgment accordingly : *Provided,* That if it be made to appear that other parties are necessary, the court may order them brought in, and, if necessary, may grant a new trial and permit a reformation of the issues.

Petition for a rehearing overruled.