No. 9783.

## BROWN v. SUMMERS ET AL.

PROMISSORY NOTE.—*Assignor and Assignee.*—*Pleading.*— *Consideration.*— *Judgment.*—A complaint against the assignor of a note by mere delivery, alleging that the maker defeated a suit against him by the plea of infancy, is bad: 1. For failure to aver the consideration for the assignment; 2. Because the assignor is not bound by the judgment unless he was a party to the suit, or had proper notice thereof.

SAME.—*Endorsement.*—*Evidence.*—In a suit upon the endorsement of a note there was an answer that the endorsement was without consideration.

*Held*, that evidence for the defendant concerning the consideration was admissible.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*B. F. Ibach* and *G. W. Stults,* for appellees.

HAMMOND, J.—Action by the appellant against the appellees. The complaint was in two paragraphs. The first was upon a note executed by one Householder to Flora, and endorsed by Flora to Summers, and endorsed by the latter to the appellant. The second paragraph was the same as the first, except that it was charged that Summers assigned the note to the appellant by delivery, without endorsement. It is averred in each paragraph, that in a suit on the note by the appellant against Householder, he defeated the action on a plea of infancy. Flora was not, in the present action, served with process, and did not appear. Summers' demurrer to the second paragraph of the complaint was sustained. Of this ruling the appellant complains. The ruling was right. It was not stated as a fact, in the second paragraph of the complaint, that Householder was an infant when he executed the note; nor is it averred that Summers was a party to, or had notice of, the action in which Householder was successful on the plea of infancy.

The second paragraph of the complaint was bad for another reason. It is true that one who assigns a promissory note by delivery simply, warrants by implication, unless otherwise agreed, that the face of the note is a true description of its character, in respect to its genuineness, its validity and legal operation, the competency of the maker, that the assignor is the legal holder, and that it has not been paid. 1 Dan. Neg. Ins., section 730.

In an action, however, against one who assigns a note by delivery, without endorsement, the right to recover, on the ground of the invalidity of the note, must be based upon the consideration paid for the assignment, as for money paid upon a consideration which had failed; or, if property was given for the assignment, then for the value of the property, as for property sold and delivered; or, if the assignment was for a

prior debt, then the prior debt could be sued for. *French* v. *Turner*, 15 Ind. 59. The second paragraph of the appellant's complaint was insufficient for not averring what consideration was given by the appellant to Summers for the assignment of the note.

Summers' answer to the first paragraph of the complaint was that his endorsement of the note was without consideration. The appellant moved to strike out part of this answer, but his motion was overruled, and this ruling is also assigned as error. But the overruling of a motion to strike out a part of a pleading is not an available error in this court. Ripley's Digest, p. 1300, section 28,524.

The last error complained of is the overruling of the appellant's motion for a new trial. The case having been tried by the court and a finding made for the appellee Summers, it is claimed in the motion for a new trial, that the finding was contrary to law, and that the court erred in admitting certain evidence.

We have examined the evidence and think it fairly sustains the finding. The evidence objected to was certain testimony of Summers relating to the consideration for his endorsement. The appellant claims that the endorsement could not be explained or its legal effect changed by parol evidence. Generally speaking, this proposition is correct, but the law is well settled that oral evidence is always admissible with respect to written contracts (and contracts of endorsements of notes form no exception), to show the true consideration, or the want or failure of consideration. There was no error in overruling the motion for a new trial.

Judgment affirmed, at the appellant's costs.

Filed Oct. 30, 1883.