SHEA ET UX. *v.* PEOPLES COAL AND CEMENT COMPANY.
PEOPLES COAL AND CEMENT COMPANY *v.* SHEA ET UX.

[No. 12,585.   Filed June 6, 1928.   Rehearing denied October 2, 1928.   Transfer denied November 3, 1931.]

*Walker & Hollett* and *Harvey B. Hartsock*, for Shea and wife.

*Bingham, Mendenhall & Bingham*, for Peoples Coal and Cement Company.

*William A. Pickens, Linton A. Cox, Earl R. Conder, William D. Bain* and *Thomas Harvey Cox*, for Conder and Culbertson.

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre*, for Aetna Casualty and Surety Company.

ENLOE, P. J.—This action was begun by the Peoples Coal and Cement Company filing its complaint to foreclose a lien against certain real estate in the city of Indianapolis, on account of lumber and materials furnished and used in the construction of a building erected thereon, which ground was owned by Michael C. Shea

and Margaret C. Shea, husband and wife. The complaint alleged that there was a balance due, on account of materials so furnished, in the sum of $1,830.48, and asked for judgment for said amount, for $200 attorneys' fees, and for the foreclosure of its said lien.

By order of the court, Croel P. Conder and Elmer J. Culbertson, contractors, who had charge of the work of erecting said building, were made parties defendant. These last-named defendants filed a cross-complaint against said Shea and Shea, claiming that there was a balance due them, under their contract for the construction of said building, in the sum of $3,920, for which sum, with interest thereon, they asked judgment. This cross-complaint was answered by Shea and Shea by a general denial; they also severally answered by three affirmative paragraphs, the first thereof being in the nature of an argumentative denial, the second, an answer of payment, and the third asking for a set-off in the sum of $4,000. The defendant Michael C. Shea also filed a cross-complaint, naming as defendants thereto said Conder and Culbertson and the Aetna Casualty and Surety Company of Hartford, Connecticut. To this cross-complaint, said company answered by general denial, second, that the action was barred because not brought within the time limited in the contract. The third and fourth paragraphs were each based upon alleged breaches of the conditions of said bond by said cross-complainant, and were in bar of said alleged cause of action, while the fifth paragraph was pleaded only as a partial release, as to certain items set forth in said cross-complaint. These paragraphs were met by a reply in denial.

The cause, being at issue, was submitted to the court for trial, with a request for a special finding of facts and conclusions of law. The appellants Shea and Shea excepted to each conclusion of law stated, and appellant

Peoples Coal and Cement Company excepted to the *first* conclusion of law. After separate motions for a new trial had been overruled, judgment was rendered upon the conclusions of law stated, from which both Shea and Shea and the Peoples Coal and Cement Company have appealed. We shall first notice the alleged errors presented by Shea and Shea.

These appellants first complain of the action of the court in refusing to strike out certain designated parts of the cross-complaint of appellees Conder and Culbertson. In this ruling there was no reversible error. *Brown* v. *Summers* (1883), 91 Ind. 151; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829.

These appellants next present alleged error in overruling their demurrer to said cross-complaint, and, in support of their contention, they say, "the cross-complaint is insufficient, in that it misconstrues the contract" upon which the same is based. Their contention rests entirely upon the above proposition, and it required the trial court, in passing upon said contract, to construe the same, and we think said contract was correctly construed by the court and said demurrer rightly overruled.

It is next urged that the court should have granted a new trial, and it is urged, first, that the decision of the court is not sustained by sufficient evidence. It is urged that there is no evidence to sustain the finding that, in making said contract, the appellant Michael C. Shea acted for himself and for his wife, his co-appellant, Margaret C. Shea. In this contention, we think counsel are in error. Appellant Michael C. Shea testified that he and his wife owned the land on which the building was erected; that he had talked with her about having the building erected; that he discussed

with her the kind of building and the purpose in erecting it and also the cost of such building, and she made no objection thereto. There is also evidence in the record that Mrs. Shea was frequently on the ground while said building was being erected; that she commented on portions of the work and gave directions concerning a portion of it. This evidence was amply sufficient to sustain the finding in question.

It is next urged that there is no evidence to sustain the finding that the Peoples Coal and Cement Company had furnished goods, wares and merchandise of the reasonable value of $1,830.40, which were used in the construction of said building. We cannot weigh the evidence, and the testimony of the witness Miller, concerning materials furnished, as set forth in the brief of these appellants, to the effect that the sum of $1,830.40 did not include any materials which were returned to the Peoples Coal and Cement Company, is sufficient to sustain said finding. There is also testimony sustaining the said finding as to the "reasonable value" of the goods so furnished, and we, therefore, conclude that this contention is not well taken.

Whether the court erred in its second and third conclusions of law, which conclusions relate to the liability of the Aetna Casualty and Surety Company, we need not decide, as these said conclusions, in no way, upon this record, prejudice the appellants Shea and Shea. The court found that, after allowing all just credits and deductions on account of changes made in the plans and construction of said building, there yet remained due, from Shea and Shea to Conder and Culbertson, the sum of $2,840.10, and this being so, there could not, upon the issues as formed in this case, be any liability on said bond, and said conclusions, even if erroneous, were, as to Shea and Shea, harmless.

Other alleged errors are presented, but, upon examination, we find the contention of these appellants in reference thereto to be without any substantial merit, and they need not, therefore, be considered or stated in detail.

We come next to the errors assigned and presented by appellant Peoples Coal and Cement Company. This appellant has assigned as error the overruling of its separate motion for a new trial, under which it presents the sufficiency of the evidence to sustain the decision of the court, that the decision is contrary to law, and error in the assessment of the amount of the recovery. As before stated, it sought a judgment against Shea and Shea in the sum of $1,830.48 for materials furnished by it and used in said building, and the foreclosure of its materialman's lien. There was evidence, and the court so found, that this appellant had furnished materials which were used in the construction of said building, to the amount claimed, but found that there was only $830.48 of said bill remaining unpaid, and there was judgment for this amount only. The evidence shows, without dispute or controversy, the following facts, viz.: Conder and Culbertson were indebted to this appellant on a general account for supplies furnished to them as general contractors; during the progress of said work, appellant Michael C. Shea made payments to said Conder and Culbertson, in various amounts; also, during the progress of said work, Conder and Culbertson, without any directions as to how the same should be applied, sent to this appellant *their* check for $1,000, which check was duly received and the amount thereof credited to Conder and Culbertson on their general account; later, this appellant was requested by appellant Michael C. Shea to change said credit and place the same as a credit upon the account of materials furnished upon orders of Conder and Culbertson for use in the construc-

tion of the building in question in this suit; this change it declined to make and hence the present controversy over the application of said payment. The trial court gave credit to appellants Shea for said sum, and allowed this appellant only the residue of its said account, and that without any allowance for interest thereon.

In *King* v. *Andrews, Exr.* (1868), 30 Ind. 429, it was said: "Our understanding is, that when a person owes upon several distinct accounts, he has the right to direct his payments to be applied to either as he chooses; but if he pays generally, then the creditor may apply as he elects; and if neither makes a specific application, then the court will usually make the application, first to the most precarious security or to the oldest debt." See, also, *McCauley* v. *Holtz* (1878), 62 Ind. 205; *Bond* v. *Armstrong* (1882), 88 Ind. 65; *M. A. Sweeney Co.* v. *Fry* (1898), 151 Ind. 178, 51 N. E. 234. We hold that this appellant, under the circumstances shown, had the right to apply said check, as it did, as a credit upon the general account of said contractors, and that the trial court erred in deducting the same from the amount of this appellant's said claim.

Complaint is next made of the action of the court in not allowing to this appellant interest on said claim. It is well settled that, where payment of an account is delayed beyond a reasonable time, interest is recoverable thereon for the time such payment is so unreasonably withheld, and this appellant should have been allowed interest on its said claim.

As to the appellees Conder and Culbertson, the court correctly interpreted their said building contract and found that the agreed total cost of said building, including contractor's fees, was $25,500. The court also found that there was yet due and unpaid to Conder and Culbertson, on said contract, the sum of $2,840.10. This sum is ample to pay to Peoples Coal and Cement Com-

pany their claim in full, without in any way injuring appellants Shea and Shea.

As to the appeal of Shea and Shea, this cause is affirmed; as to the appeal of the Peoples Coal and Cement Company, the cause is reversed, with directions to the trial court to hear testimony as to the reasonable value of attorneys' fees for the attorneys for appellant company, to compute interest on said account, and then restate its conclusions of law in harmony with this opinion and to render judgment accordingly.

Dausman, J., absent.