ROMEY ET AL *v.* GLASS

[No. 18,003. Filed May 1, 1950.]

*Guy Stookey, W. O. Hughes* and *James P. Murphy,* all of Fort Wayne, for appellants.

*Louis H. Dunten, J. Robert McDonald;* and *Dunten & Arnold,* all of Fort Wayne, for appellee.

DRAPER, C. J.—Appellants brought suit to evict appellee from a residence property. The appellee answered by way of denial and filed a cross-complaint alleging himself to be the owner of the real estate.

The special findings of fact disclose that the appellee and one Flora A. Lanciaux entered into and consummated a common law marriage "about sixteen years ago," and that the appellee and the decedent thereafter lived together in the relationship of husband and wife continuously to the time of her death. She died intestate January 1, 1948. On May 26, 1944, the decedent executed a deed to the appellants which purported to convey the property to them. The deed was not signed by the appellee, who, according to the finding, was the husband of the decedent on the date of its execution. See Burns' Rev. Stat., § 38-102.

The court concluded that the deed was void; that appellants have no interest in the property; that appellee is the owner thereof; and that his title thereto should be quieted as against the appellants. Judgment was entered accordingly.

While the evidence is conflicting, that most favorable to the appellee is so supportive of all the essentials of a common law marriage, as defined by the decisions of this and the Supreme Court, that we need notice and dispose of but one of appellants' contentions concerning its sufficiency. It showed, among many other things, that the appellee introduced the decedent as his wife and he lived with and treated her as such. She called herself Mrs. Glass; told others they were married; and was recognized and known as the appellee's wife in the church they attended and in the community in which they lived. The appellee testified that in the fall of 1932 when both he and the decedent were competent to enter into the marriage relationship, and before which time there had been no illicit relationship between them, they agreed to a common law marriage; they agreed to live together and be called husband and wife; and thereupon began to live and cohabit together as such and continued to

do so openly and notoriously for 16 years. He also testified, however, that during much of the time they so lived together the decedent occasionally talked about getting married; she wanted to get married but he wasn't ready to do so; he kept putting her off; he wasn't ready yet; she wanted to get married and he didn't. He further testified he didn't think they needed to get married; he took the position he was a married man from the time they started to live and cohabit together.

From a reading of the record it seems apparent to us that the appellee was here referring to a marriage *ceremony,* rather than a marriage; that he believed a ceremonial marriage was unnecessary, and he did not wish to have a ceremony performed. Certainly the trial court was justified in drawing that conclusion and he apparently did so, and we are not at liberty to draw a different conclusion. Her later desire to have a ceremony performed, and his unwillingness to do so, could not dissolve a marriage once validly established. *Norrell* v. *Norrell* (1942), 220 Ind. 398, 44 N. E. 2d 97.

The appellants assert the court erred in permitting the appellee to testify over appellants' objection that the decedent "was called my wife" on the theory that he was not competent to testify on that subject. The answer was responsive to the question and the objection was not made until after the question was answered. Thus no question is presented. *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 34 N. E. 644; *Western & Southern Life Insurance Co.* v. *Lottes* (1946), 116 Ind App. 559, 63 N. E. 2d 146, 64 N. E. 2d 405, 64 N. E. 2d 805; *Edmondsen, Rec.* v. *Friedell* (1928), 200 Ind. 298, 163 N. E. 89; *The Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583, 43 N. E. 319, 44 N. E. 377.

The court admitted in evidence many hospital, doctor and nursing bills, and bills for fuel oil and other supplies, some of which were made out to Mrs. Flora Glass or to Mrs. O. T. Glass and some of which were made out to the appellee. This evidence was hearsay. *State* v. *Schaller* (1942), 111 Ind. App. 128, 40 N. E. 2d 976; *Speck* v. *Kramer* (1926), 84 Ind. App. 646, 151 N. E. 37; 31 C. J. S., Evidence, § 194, p. 930. However, it was not objected to on that ground, and its relative importance was slight. The case was tried by the court without the intervention of a jury and the decision does not depend on this evidence for its support. On the whole record before us we think it could not have been harmful to the appellants. *Shira* v. *State, ex rel.* (1918), 187 Ind. 441, 119 N. E. 833.

The appellants assert error in the court's conclusion that the appellee is the owner of the real estate because there is no finding, nor any evidence from which it could be found, that the decedent did or did not leave any child or parent surviving her. Only if none such survived her could the appellee become the sole owner of the real estate by inheritance. Burns' 1933, § 6-2324.

But the court also concluded and adjudged that the deed was void and the appellants had no interest in or title to the real estate. It therefore follows that neither the conclusion complained of nor the judgment based thereon were harmful to the appellants, and error in that regard cannot avail them. Error, unaccompanied by prejudice, is not ground for reversal. *Shea* v. *Peoples Coal & Cement Co.* (1931), 93 Ind. App. 302, 161 N. E. 849; 5 C. J. S., Appeal and Error, § 1676, p. 809; 3 Am. Jur., Appeal and Error, § 1003, p. 555.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 850.