POULSEN *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION.

[No. 18,316. Filed June 5, 1952.]

*Frank M. Fish,* of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General and *Glen F. Kline,* Deputy Attorney General, for appellee.

ROYSE, P. J.—By this appeal appellant asks us to review the action of the Review Board of the Indiana Employment Security Division dismissing his appeal from a decision of the Referee denying his claim for unemployment compensation, and in overruling his motion to re-instate such appeal before the Board.

The facts may be summarized as follows: Appellant's claim for unemployment compensation was denied by a Claims Deputy. He requested a hearing before a Referee who affirmed the action of the Claims Deputy. He then appealed to the Board. He was notified by the Board that it would hear his appeal on January 23, 1952. Upon receipt of such notice he wrote the Board the following letter:

"I am 67 years old, and have not worked since Nov. 3. I am financially unable to make the trip to Indianapolis. Because of my·age and trouble with my legs I cannot hitch hike.

"However, I request that this honorable board review my case in my absence."

The Board entered the following order:

"Upon failure of Theodore Poulsen, the claimant herein, to appear for his hearing scheduled by the Review Board herein for January 23, 1952 at 11:00 A.M., the Review Board ordered that said case be dismissed in accordance with Regulation 1004 of the Rules and Regulations of the Indiana Employment Security Board, issued August 1, 1951."

Regulation 1004 of the Rules and Regulations of the Board is as follows:

"The referee or the Review Board may continue any hearing upon its own motion or upon written application of any party to the appeal. Such written application must be received not later than three (3) days before the date of hearing. . . .

"If the party who has requested the appeal fails to appear at a referee or Review Board hearing, after having received due notice thereof, the referee or Review Board, as the case may be, may, in his or its discretion, dismiss said appeal, and the determination or decision from which the appeal was requested shall be deemed final unless

such appeal is thereafter reinstated as hereinafter provided. If neither party to the appeal appears at the hearing, said appeal shall be dismissed, and the determination or decision appealed from shall be deemed final unless said appeal is reinstated as hereinafter provided, or the referee or Review Board, as the case may be, in his or its discretion, may continue the same to a later date.

"In the event that a party to the appeal fails to appear the referee or Review Board, as the case may be, may conduct said hearing in his absence, or if said hearing is dismissed, as above provided, due to the failure of either party to appear, a notice of the decision or disposition of said case shall be mailed to the interested parties. If a party failing to appear shall apply within seven (7) days from the date of mailing of said decision or notice of disposition and show good cause why said case should be reinstated, the same may be reinstated. No case shall be reinstated more than once."

On January 29, 1952 appellant filed his petition to reinstate his claim and that his claim be determined on the merits. This motion was overruled January 31, 1952.

Appellant contends, first, that under the circumstances herein the Board abused its discretion in dismissing his appeal and overruling his motion to reinstate it. He further contends that at least that portion of the rule which requires the Board to dismiss an appeal where neither party appears is repugnant to the laws of this State and is unconstitutional.

The statute creating the Indiana Employment Security Act authorizes the Board to make necessary rules and regulations. Secs. 52-1542e and 52-1544, Burns' 1951 Replacement.

We are of the opinion that in this case the Board abused its discretion when it refused to determine the

appeal on its merits as requested by appellant. The Board had the transcript of evidence heard by the Referee before it, and, in our opinion, should have determined this claim on its merits. However, because of the manner in which appellant has presented the question to us, we may not reverse the Board's action.

It is a fundamental principle of appellate procedure which is universally recognized that a party cannot obtain a reversal unless he affirmatively shows he has been substantially harmed by the error of which he complains. 5 C. J. S., §1676, p. 802; *Romey et al.* v. *Glass* (1950), 120 Ind. App. 279, 91 N. E. 2d 850; *Baker et al.* v. *State Bank of Akron et al.* (1943), 112 Ind. App. 612, 44 N. E. 2d 257 (Transfer denied); *Illinois Pipe Line Company* v. *Coffman* (1934), 98 Ind. App. 419, 188 N. E. 217; *Cline* v. *Rodabaugh et al.* (1933), 97 Ind. App. 258, 179 N. E. 6 (Transfer denied).

In this case appellant has wholly failed to show that the action of the Board harmed him in any manner. His brief does not attempt to set out a narrative statement of the evidence heard by the Referee. For aught we know, the evidence may have conclusively shown that appellant was not entitled to compensation under the Act.

In view of our conclusion, it is not necessary to pass on other contentions of appellant.

Therefore, the order of the Board is affirmed.

NOTE.—Reported in 106 N. E. 2d 245.