123 Ind. App. 297 (1953)
110 N.E.2d 746
POULSEN
v.
REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.
No. 18,383.
Court of Appeals of Indiana.
Filed March 5, 1953.
*298 Frank M. Fish, of Evansville, for appellant.
J. Emmett McManamon, Attorney General, and Glen F. Kline, Deputy Attorney General, for appellee.
ROYSE, C.J.
Appellant asks us to review a decision of the Review Board of the Indiana Employment Security Division denying him unemployment compensation benefits. It is the second appeal in this case. Poulsen v. Review Board of the Indiana Employment Security Division (1952), 122 Ind. App. 484, 106 N.E.2d 245. In that case we held the Board abused its discretion in dismissing the appeal, but that appellant had failed to present a question to us because his brief did not set out the evidence heard by the Referee.
After that decision appellant filed another claim for benefits under the Act. The claims deputy denied his claim. He then requested a hearing before a Referee, which was granted. The Referee affirmed the original determination of the claims deputy on the ground claimant was unavailable for work and therefore ineligible for benefits. He then appealed to the Review Board which sustained the decision of the Referee. In this case it was stipulated by appellant that the evidence heard in that case was all the evidence he had to support his claim herein. We set out herewith the evidence as it appears in appellant's brief:
"My name is Theodore A. Poulsen, and I live at 1211 West Illinois Street. I am married. I was last employed at McGraw Construction Company, Paducah, *299 Kentucky, which Company is building an atomic energy plant at Paducah. I did pipefitting there, and I am a pipefitter. The circumstances involving my separation from work down there was that it was getting a little too bad in the weather and too many strikes  I couldn't afford paying expenses in two places.
"In answer to the question: `You quit down there on November 9,' Mr. Poulsen answered: `I went back after my last check on November 9th  I think I quit on the 3rd. The week following that I didn't work. They always hold back'.
"In answer to the question: `The 3rd of November was the last time you worked there,' Mr. Poulsen answered: `That was on Monday, wasn't it? I quit on Friday  that same week of that Friday, I didn't work. The last work I done was the Saturday before that.'
"Continuing with his direct examination, Mr. Poulsen further testified:
"`I quit on account of bad weather and strikes. They had work available for me. I am maintaining a home in Evansville since 1906. I am maintaining one in Paducah too. I had to pay both places. I have not worked any place since coming back to Evansville. I've been trying. I might go to the Post Office and help them out. I used to work there. I belong to the steamfitters' union. I went to the union hall, but they only have out-of-town work and I live here in town. I want to work in town. No special work  no special type of work. I might take a job as a janitor. I've been getting away from pipefitting for two or three times. I learned that in the Navy  from 1900 to 1908, on the Roosevelt. I worked at the Post Office three or four times and quit that. I figure a man is entitled to quit when he wants to. If it doesn't suit him, he can get another one.
"`I have an application at the Post Office for work. I am waiting for a call to help during Christmas rush. I will not necessarily go back to pipefitting when spring comes. Maybe I'll find a political job  might find one of them. I have nothing else to say.

*300 "Mr. Grapper, the Deputy in the Evansville local office of the Indiana Employment Security Division, testified on direct examination as follows:
"I will give the reason why our office made that decision  the reason we made this decision was because Mr. Poulsen is a steamfitter or pipefitter and as such, he gets jobs through the local union. As such, he is required to work  his work carries him all over the states. In that type of work, most steamfitters are required to do that. They seldom locate work at home at their trade and remain there. Mr. Poulsen's wages were pretty high on that job and we didn't believe  our office could hardly believe that he would work for a week here as a janitor on what he made a day as a steamfitter. We didn't have a record that he filed for employment at any of the stores as a janitor, although he may be willing to accept that work. I have nothing else."
This was all the evidence heard in this case. The record further discloses that on August 9, 1952, in acknowledging receipt of the notice of the Review Board of the hearing in this case, appellant, on the return postal card to the Board, stated:
"I am working in Paducah, Ky., have been since March 26, 1952, and aint going to lose my time anymore."
Upon this evidence the Board made the following finding and decision:
"In support of the following conclusions that the claimant was unavailable for work, the Review Board finds, as a matter of fact, that the claimant generally was not willing to accept available, suitable work of the type for which he is trained and further finds that he refuses to leave his home city in the event that he should receive a call for such work.
"The Review Board further finds that the claimant has not established by sufficient evidence that *301 he was ready, willing and able to work, nor that he was making an effort to secure work during the period from February 19, 1952 through the date of the referee hearing on May 28, 1952.
"The Review Board now finds that the claimant was unavailable for work and ineligible for unemployment benefits, within the meaning of the Indiana Employment Security Act, for the period from February 19, 1952 to the date of the referee hearing on May 28, 1952.
"DECISION:
"The claimant was unavailable for work and ineligible for unemployment benefits, within the meaning of Section 1403 of the Indiana Employment Security Act for the period from February 19, 1952 through May 28, 1952.
"The decision of the referee is hereby affirmed."
Section 1403 of the Indiana Employment Security Act as amended in 1951, § 52-1538b, Burns' 1951 Replacement (Vol. 10, Part 1, 1951 Supp. p. 104), provides, in part, as follows:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work: ..." (Our emphasis).
The emphasized portion was added by the amendment of 1951.
The appellant had the burden of proof of establishing the fact that he was making an effort to secure work. Walton v. Wilhelm et al. (1950), 120 Ind. App. 218, 223, 91 N.E.2d 373.
Appellant was seeking compensation for the period from February 19, 1952 to May 28, 1952. In our opinion *302 the record in this case does not show conclusively that appellant was making an honest conscientious effort to obtain suitable work during this period. Therefore, we may not disturb the decision of the Board. Walton v. Wilhelm et al., supra; Miles v. Review Board of the Indiana Employment Security Division et al. (1951), 120 Ind. App. 685, 96 N.E.2d 128.
Decision affirmed.
Achor, J., absent.
NOTE.  Reported in 110 N.E.2d 746.